UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARTIN CORTES SALCEDO,<br><br>Plaintiff,<br><br>v.<br><br>SHASTA COUNTY SHERIFF, et al.,<br><br>Defendants. | No. 2:19-cv-2627-EFB P<br><br><br><br>ORDER |

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. The parties have consented to the jurisdiction of the magistrate judge under 28 U.S.C. § 636(c). Currently before the court is plaintiff's September 14, 2020 motion for a temporary restraining order. ECF No. 29. For the reasons that follow, the motion must be denied.

I.   Motion for Temporary Restraining Order

Plaintiff's motion takes the form of a single-page letter to the court in which he states that defendant Cortez has been coming to his jail cell and threatening him. ECF No. 29. The letter was filed directly by plaintiff, although he is represented by counsel in this action. Although plaintiff's filings and communications with the court must be through his counsel, the court will rule on motion given his counsel's submission of a reply brief in support of the motion. ECF No. 32.

According to plaintiff, Cortez has told him that he'll make sure plaintiff stays in solitary confinement because of this lawsuit and has threatened that if the suit causes him to lose his job, he'll kill plaintiff. *Id.* Plaintiff states that he has filed grievances to resolve the issue but the jail is not responsive to them. *Id.* He has appended to the letter a photocopy of a rules violation report authored by Cortez in which he reports that he overheard plaintiff saying to his cellmate that he intended to "fuck up" another correctional officer when he saw him. *Id.* Plaintiff seeks the court's assistance, through an order that Cortez stay away from plaintiff.

II.     Standards

"In deciding whether to grant a motion for TRO, courts look to substantially the same factors that apply to a court's decision on whether to issue a preliminary injunction." *Innovation Law Lab v. Nielsen*, 310 F. Supp. 3d 1150, 1156 (D. Or. 2018). A preliminary injunction will not issue unless necessary to prevent threatened injury that would impair the court's ability to grant effective relief in a pending action. *Sierra On-Line, Inc. v. Phoenix Software, Inc.*, 739 F.2d 1415, 1422 (9th Cir. 1984); *Gon v. First State Ins. Co.*, 871 F.2d 863 (9th Cir. 1989). A preliminary injunction represents the exercise of a far reaching power not to be indulged except in a case clearly warranting it. *Dymo Indus. v. Tapeprinter, Inc.*, 326 F.2d 141, 143 (9th Cir. 1964). To be entitled to preliminary injunctive relief, a party must demonstrate "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1127 (9th Cir. 2009) (citing *Winter v. NRDC, Inc.*, 555 U.S. 7 (2008)). The U.S. Court of Appeals for the Ninth Circuit has also held that the "sliding scale" approach it applies to preliminary injunctions—that is, balancing the elements of the preliminary injunction test, so that a stronger showing of one element may offset a weaker showing of another—survives *Winter* and continues to be valid. *Alliance for the Wild Rockies v. Cottrell*, 622 F.3d 1045, 1050 (9th Cir. 2010). "In other words, 'serious questions going to the merits,' and a hardship balance that tips sharply toward the plaintiff can support issuance of an injunction, assuming the other two elements of the *Winter* test are also met." *Id.* In cases brought by prisoners involving conditions of confinement, any preliminary injunction "must be narrowly

drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct the harm." 18 U.S.C. § 3626(a)(2).

III.   Analysis

Defendant Cortez responds that plaintiff's motion is based on unsupported accusations and nothing more. ECF No. 31. By contrast, Cortez has filed a declaration signed under penalty of perjury as well as the sworn declaration of jail lieutenant Dale Marlar. ECF Nos. 31-1 & 31-2. Cortez avers that he has never threatened plaintiff. ECF No. 31-1. In fact, he has had no confrontation with plaintiff since the May 2019 incident that is the subject of this lawsuit and has authored only the single disciplinary report against him (which plaintiff appended to his motion). *Id.* He does not work in plaintiff's housing unit, but instead in an area of the jail that is adjacent to where plaintiff is housed and from which he was able to observe plaintiff make the threatening remark regarding another correctional officer. *Id.* He has tried to avoid plaintiff ever since the May 2019 incident. *Id.*

Lieutenant Marlar avers that plaintiff has filed many grievances and requests for video footage since his incarceration at the jail. ECF No. 31-2. Marlar has reviewed those grievances as well as the video footage requested by plaintiff, which shows nothing unusual and does not substantiate plaintiff's claims of misconduct by correctional officers. *Id.* Instead, it is Marlar's belief that plaintiff uses grievances and video footage requests to retaliate against officers who have enforced the law against Salcedo. *Id.*

As noted, plaintiff's counsel filed a reply. ECF No. 32. Unfortunately, this filing contains no evidence supporting plaintiff's allegations and consists solely of a terse and somewhat vague argument concerning irreparable harm.

Plaintiff has not met his burden for obtaining the order he seeks. He has made no effort to establish that he is likely to succeed on the merits of his case. His accusations, unsworn and unsupported by any other evidence (and rebutted by defendant's sworn declarations), do not establish that he is likely to suffer irreparable harm in the absence of an injunction. Plaintiff has also failed to make any argument or showing regarding the balance of equities or public interest. Accordingly, the court cannot grant the motion.

IV.   Order

For the foregoing reasons, it is hereby ORDERED that plaintiff's September 14, 2020 motion for temporary restraining (ECF No. 29) order is DENIED.

DATED: October 21, 2020.

*[signature]*
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE